IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE PATTON[1] | § | |
| | § | No. 158, 2018 |
| | § | |
| Defendant Below, | § | Court Below: Family Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 1707017837 |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 6, 2019
Decided: April 30, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

This 30th day of April 2019, it appears to the Court that:

(1) Andre Patton was found to have committed the crimes of Possession of a Firearm by a Prohibited Juvenile, Conspiracy in the Second Degree, and Shoplifting less than $1,500, and was thus found delinquent.[2] The only issue on appeal is whether the Family Court properly denied Patton's motion to suppress the gun and ammunition evidence found in Patton's backpack.

---

[1] The Court previously assigned a pseudonym to the party under Supreme Court Rule 7(d).
[2] App. to Opening Br. at A5–6 (Trial Docket).

(2)  Below, the trial court focused on the issue of whether the search of the backpack was justified by probable cause and found that it was.[3]  But, as the State effectively concedes, there was time for the police to secure a warrant, and there were no exigent circumstances justifying their failure to do so.[4]  On appeal, the State argues that the denial of Patton's motion to suppress should be affirmed on alternative grounds, namely, that there was no warrant required to search the backpack because it was left in plain view or "abandoned."[5]

(3)  We agree.  On the undisputed facts, Patton left his backpack on the ground by a stop sign in a busy parking lot, went far away from it, and limited his ability to protect or even see it.[6]  Although Patton argues that to find that he had no reasonable expectation of privacy in his backpack the State must show that Patton disclaimed ownership of the backpack,[7] that is not the test.  Rather, based on the totality of the

---

[3] Exhibit A to Opening Br. at 12–13.  In fairness to the Family Court, the issues were presented to it in a confusing way, and none of the parties below focused on the absence of a warrant. Nonetheless, the State did argue that Patton had no reasonable expectation of privacy because he had left the backpack in plain view in a public place and proceeded to go back into the mall without it.  Exhibit C to Opening Br. at 7–9 (the State arguing that the search of Patton's backpack did not violate his Fourth Amendment rights because he abandoned the property); *see also* Exhibit B to Opening Br. at 6–9 (Patton arguing only that the stop and search was unlawful under *Terry v. Ohio*, 392 U.S. 1 (1968), and 11 *Del. C.* § 1902, but failing to mention that no warrant was issued or the applicable warrant requirement).
[4] Answering Br. at 9–10.
[5] Answering Br. at 9–13.
[6] *See* App. to Opening Br. at A124–25 (Testimony of Kyle McHugh (Nov. 20, 2017)) ("[The backpack] was on the, like the concrete barrier that's in the ground, it was on the back side of that, laying up against it."); Answering Br. at 5 (noting that the backpack was "leaning up against a concrete barrier near a light pole and stop sign").
[7] Opening Br. at 18; Reply Br. at 1–5.

circumstances, this Court must determine whether Patton objectively abandoned the backpack.[8] When someone leaves personal property in plain sight, in a busy place, and departs the area, that person has no reasonable expectation of privacy in the abandoned personal property.[9] Because that is what Patton did here—and failed even to try to put the backpack under a bush or under some cover—he cannot claim that his privacy rights were intruded upon. For that reason, the judgment of the Family Court is affirmed.

---

[8] Whether a person abandoned property for Fourth Amendment purposes is an *objective* test, and Patton's subjective hope that no one would find the backpack and explore its contents is not relevant. *United States v. Burbage*, 365 F.3d 1174 (10th Cir.2004) (finding that a train passenger, who said backpack in overhead rack belonged to another passenger who allowed him to put a portfolio in it, thereby "lost any objectively reasonable expectation of privacy in the backpack as a whole"). Indeed, even Patton concedes that the test is objective. *See* Reply Br. at 1 ("When determining whether property has been abandoned in the context of search and seizure analysis, the court must administer an *objective* test . . .") (emphasis added).

[9] *United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994) ("A defendant has abandoned his reasonable expectation of privacy when he leaves an item in a public place."); *United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983) ("When Jones discarded the satchel, he may have hoped that the police would not find it and that he could later retrieve it. However, his ability to recover the satchel depended entirely upon fate and the absence of inquisitive (and acquisitive) passers-by."); *see also* 1 WAYNE R. LAFAVE, SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 2.6(b) (2018) ("[W]here one abandons property, he is said to bring his right of privacy therein to an end, and may not later complain about its subsequent seizure and use in evidence against him."); *see also Abel v. United States*, 362 U.S. 217, 241 (1960) ("Nor was it unlawful to seize the entire contents of the wastepaper basket, even though some of its contents had no connection to the crime. So far as the record shows, petitioner had abandoned these articles."); *United States v. Harrison*, 689 F.3d 301, 306–07 (3d Cir. 2012) ("A warrantless search of property is permissible under the Fourth Amendment where the owner has abandoned his reasonable expectation of privacy in that property."); *Jackson v. State*, 990 A.2d 1281, 1289 (Del. 2009) ("There is no legal basis under the Fourth Amendment to suppress [ ] abandoned property.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is hereby AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice